**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Terrence BRECKENRIDGE,
Defendant—Appellant.**

No. 09–10463.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 14, 2011.

Filed March 25, 2011.

Richard J. Bender, Sacramento, CA, Daniel S. McConkie, Assistant U.S. Attorneys, United States Attorney's Office, Sacramento, CA, for Plaintiff–Appellee.

Michael Bradley Bigelow, Esquire, Sacramento, CA, for Defendant–Appellant.

Before: PAEZ, BERZON, and BEA, Circuit Judges.

MEMORANDUM *

Terrence Breckenridge appeals the 60–month sentence imposed following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Breckenridge argues that the base offense level for his sentence was improperly increased under U.S.S.G. § 2K2.1(a)(4), and that as a result, his sentence must be vacated. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo whether a prior conviction qualifies for a sentencing enhancement. *United States v. Almazan–Becerra,* 537 F.3d 1094, 1097 (9th Cir.2008). We affirm.

To determine whether a defendant's prior conviction constitutes a "controlled substance offense" under U.S.S.G. § 2K2.1(a)(4), we first compare the categorical language of the statute of conviction with the Guideline definition of a "controlled substance offense." The parties agree—as they must—that a violation of California Health & Safety Code § 11352(a) is not categorically a "controlled substance offense" within the meaning of U.S.S.G. § 2K2.1(a)(4). *See Young v. Holder,* 634 F.3d 1014, 1019–20 (9th Cir.2011).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Applying the modified categorical approach, Breckenridge argues that his 1993 conviction does not qualify as a "controlled substance offense" within the meaning of U.S.S.G. § 2K2.1(a)(4). In particular, Breckenridge argues that the grand jury transcript associated with his 1993 conviction is not judicially noticeable evidence of the facts of his conviction under *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

The transcript of Breckenridge's 1993 plea colloquy demonstrates that the state court relied on the grand jury transcript as a factual basis for Breckenridge's no contest plea. The plea transcript proves that Breckenridge's attorney and the state prosecutor both agreed to this approach. Breckenridge contends that the grand jury transcript is not judicially noticeable under *Shepard* because Breckenridge's attorney—but not Breckenridge himself—stipulated that the grand jury transcript supplied a factual basis for his 1993 plea. Breckenridge argues that if a defendant does not *personally* confirm that a document provides the factual basis for his plea, the document is not judicially noticeable under *Shepard*.

We disagree. The California Supreme Court permits defense counsel to stipulate to a factual basis for a client's plea. *People v. Holmes*, 32 Cal.4th 432, 442, 9 Cal. Rptr.3d 678, 84 P.3d 366 (2004). In this context, we have held that facts admitted by defense counsel in the defendant's presence during a plea colloquy constitute admissions by the defendant. *See United States v. Hernandez–Hernandez*, 431 F.3d 1212, 1219 (9th Cir.2005) (holding that a defendant was bound by his lawyer's stipulation to the factual basis supporting his prior California state court plea agree-

ment); *United States v. Ferreboeuf*, 632 F.2d 832, 836 (9th Cir.1980).

Because the stipulation by Breckenridge's attorney can be imputed to Breckenridge, we hold that the grand jury transcript is judicially noticeable under *Shepard*. Breckenridge does not argue in his brief that the grand jury transcript, if allowed under *Shepard*, fails to demonstrate that he was convicted of a "controlled substance offense" within the meaning of U.S.S.G. § 2K2.1(a)(4). Therefore, we affirm the district court's application of U.S.S.G. § 2K2.1(a)(4).

**AFFIRMED.**